**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

BETTY D. MARKS,                    :

    Plaintiff,                 :

vs.                                              CA 06-0386-BH-C

                                      :

JO ANNE B. BARNHART,
Commissioner of Social Security,  :

    Defendant.

**REPORT AND RECOMMENDATION**

This cause is before the Court for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on plaintiff's motion to dismiss without prejudice and request that the Court remit to her the filing fee paid on June 26, 2006. (*See* Doc. 7)

    1.    On May 5, 2006 the Plaintiff filed a request for review of the hearing decision issued by Administrative Law Judge dated March 31, 2006. At that time the Plaintiff requested a copy of the hearing tape for her hearing held on August 25, 2005 and the opportunity to submit a brief in this matter. Please see the attached Exhibit A; Letter to the Appeals Council Requesting Review of Hearing Decision, dated May 5, 2006 and Exhibit B, copy of certified mail "green card" receipt showing it was delivered to the Appeals Council on May 11, 2006.

    2.    On May 15, 2005 the Plaintiff received the ACTION OF APPEALS COUNCIL ON REQUEST FOR REVIEW denying her request for review of the decision issued in her case. Please see attached Exhibit C; ACTION OF APPEALS COUNCIL ON

REQUEST FOR REVIEW, dated May 15, 2006.

3. After receiving the Appeals Council's May 15, 2006 ACTION OF APPEALS COUNCIL ON REQUEST FOR REVIEW, the Plaintiff wrote to the Appeals Council on June 7, 2006, requesting that the Appeals Council vacate its decision dated May 15, 2006 and furnish the plaintiff with a copy of the Exhibits and a copy of the tape of the hearing and allow the Plaintiff additional time to submit a brief in this matter. Please see attached Exhibit D, Letter to Appeals Council dated June 7, 2006 from Plaintiff's counsel.

4. On June 28, 2006 the Plaintiff received a second letter from the Appeals Council. Although the counsel (sic) did not send the requested copies of the exhibits and hearing tape, it did grant counsel additional time to submit a brief in this case and stated it would grant an extension of time to file a civil action, if necessary, after reviewing the brief. Please see attached Exhibit E; LETTER FROM APPEALS COUNCIL dated June 28, 2006.

5. Based on the June 28, 2006 letter from the Appeals Council, the Plaintiff respectfully submits that a final administrative decision has not been issued in this case by the Defendant as required under 42 U.S.C. § 405(g). Since the Defendant has not filed an Answer in this matter, the Plaintiff respectfully requests that this Court grant her a voluntary dismissal without prejudice as allowed under the Federal Rules of Civil Procedure Rule 41(a)(1).

6. As stated above, the Plaintiff paid a filing fee of $350.00 to file her Complaint in this matter to protect her right for review of the ACTION OF APPEALS COUNCIL ON REQUEST FOR REVIEW issued by the Appeals Council May 15, 2006. The Plaintiff respectfully notes that she was forced to file a Complaint in this matter because of the Defendant's actions in ruling prematurely on this case before providing counsel with the hearing tapes and exhibits, and because of

defendant's failure to allow time to submit a brief. First[,] the Defendant issued a decision in this case without providing the Plaintiff with photocopies of the Exhibits in this case and without a copy of the tape from the hearing held on August 25, 2005. Secondly, the Defendant failed to timely notify the Plaintiff that it was vacating its prior decision of May 15, 2006. Should the Defendant again deny the plaintiff's request for review, the Plaintiff will be forced to spend an additional $350.00 to protect her rights of review because of the actions of the Defendant. The Plaintiff respectfully requests that this Court remit her filing fee of $350.00 to her because she was forced to spend this money through no fault of her won, but because of the Defendant's failure to process her case according to his own regulations.

7.   Patricia Beyer of the U.S. Attorney's office has been contacted regarding this Motion and she has no objection to the dismissal without prejudice in this case.

(*Id.*)

Rule 41(a)(2) of the Federal Rules of Civil Procedure reads, in relevant part, as follows: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." While "[a] dismissal under Rule 41(a)(2) is generally without prejudice[,]" this Court "has the power to specify otherwise." *Druhan v. American Mut. Life*, 166 F.3d 1324, 1325 n.3 (11th Cir. 1999) (citation omitted).

Given the contents of plaintiff's motion to dismiss, the undersigned recommends that the Court grant the motion to dismiss without prejudice pursuant to Fed.R.Civ.P. 41(a)(2). The dismissal is without prejudice in light of the contents of the Appeals Council's letter of June 28, 2006 to plaintiff's counsel notifying her that her request for additional time to submit a brief to it would be granted as would an extension of time to file a civil action in the event the Appeals Council "concludes that the additional arguments do not warrant a change in its prior action[.]" (Doc. 7, Exhibit E; *compare id. with* 42 U.S.C. § 405(g) (providing that a civil action seeking review of a final decision of the Commissioner of Social Security must be filed "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."))

In addition to dismissing this cause of action without prejudice, the Magistrate Judge also recommends that the Court grant plaintiff's request that the $350.00 filing fee paid on June 26, 2006 be remitted to her attorney.

## **CONCLUSION**

In consideration of the foregoing, the undersigned recommends that this cause of action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and that plaintiff's filing fee

($350.00) be remitted to her attorney forthwith.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 19th day of July, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                              s/WILLIAM E. CASSADY
                                                              UNITED STATES MAGISTRATE JUDGE